**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MGM Management, a sole proprietorship,) and Matthew Gross, an individual, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>Primedia, Inc., a California corporation, )<br>)<br>Defendant. )<br>)<br>_____) | No. CV 07-1545-PHX-JAT<br><br>**ORDER** |

**IT IS ORDERED** that on January 22, 2008 at 10:00 a.m., Plaintiff shall appear and show cause why this case should not be dismissed for lack of federal subject matter jurisdiction. Specifically, Plaintiff fails to allege either federal question jurisdiction or diversity jurisdiction. The Court has review the complaint, which alleges breach of contract, and cannot identify a federal question. Further, diversity jurisdiction also cannot be located because no allegation of a principal place of business of Defendant is made.[1]

DATED this 19th day of December, 2007.

James A. Teilborg
United States District Judge

---

[1] A corporation is a citizen of every state in which it is incorporated <u>and</u> the state where it has its principal place of business. *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing 28 U.S.C. § 1332(c)). In the Ninth Circuit, a corporation's principal place of business is defined as the location where a majority of the corporation's business activity takes place. *Id.* at 1094. If there is not a state where a substantial portion of the corporation's business activity occurs, then the corporation is a resident of the state where the corporation's executive and administrative functions are performed. *Id.* The burden of proving the facts supporting jurisdiction is on the party asserting jurisdiction. *Id.* at 1092 (citations omitted).